(R.D. 11276)

W. C. AUGER & COMPANY *v.* UNITED STATES

Entry No. 48244, etc.

(Decided March 21, 1967)

*Norman J. Bergman* for the plaintiff.
*Barefoot Sanders*, Assistant Attorney General, for the defendant.

RAO, Chief Judge: These appeals for reappraisement were submitted for decision upon the following stipulation of counsel:

It is hereby stipulated and agreed, by and between the parties hereto, subject to the approval of the court, as follows:

1. That this stipulation is limited to the merchandise described on the invoices as barber chairs, mechanical hair dressing beauty chairs and parts for all of the foregoing.

2. That the merchandise covered hereby was entered for consumption after February 27, 1958, the effective date of Section 2 of the Customs Simplification Act of 1956 (Public Law 927, 84th Congress, T.D. 54165); that none of the merchandise is identified on the Final List published by the Secretary of the Treasury pursuant to the Customs Simplification Act, (T.D. 54521); that appraisement was accordingly

made under section 402, Tariff Act of 1930, as amended by the Customs Simplification Act;

3. That at the time of exportation to the United States of the merchandise under consideration, barber chairs numbers 5, 560 and 700 were freely sold or offered for sale in the principal markets of Japan, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States at the following prices:

Chair No.   5     $113.88 each C.I.F., packed.
Chair No. 560     $162.00 each C.I.F., packed.
Chair No. 700     $121.23 each C.I.F., packed.

4. That the ocean freight included in said C.I.F. prices is equal to 8.72% of said C.I.F. prices.

5. That as to all chairs other than those listed in Par. 3, and as to parts for all of the chairs including those listed in Par. 3, at the time of exportation to the United States of the merchandise under consideration, said merchandise was not freely sold or offered for sale in the principal markets of Japan in the usual wholesale quantities and in the ordinary course of trade for exportation to the U.S.; and they were not sold or offered for sale in the principal market of the United States for domestic consumption in the same condition in which they were imported.

6. That the constructed values of the chairs which are not listed under Par. 3 are the C.I.F. invoice unit prices less ocean freight and insurance, plus 4½%, packed.

7. That the appeals to reappraisement enumerated on Schedule "A" hereto attached and made a part hereof may be submitted on this stipulation and are limited to the merchandise and issues described above and are abandoned in all other respects.

On the agreed facts, I find and hold:

(1) That export value, as that value is defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, 70 Stat. 943, is the proper basis for determination of the value of barber chairs numbered 5, 560, and 700, and that said values are:

Chair No. 5       $113.88 each, c.i.f., packed, less ocean freight equal to 8.72% of the c.i.f. price

Chair No. 560     $162.00 each, c.i.f., packed, less ocean freight equal to 8.72% of the c.i.f. price

Chair No. 700     $121.23 each, c.i.f., packed, less ocean freight equal to 8.72% of the c.i.f. price

(2) That constructed value, as that value is defined in section 402(d) of said tariff act, as amended, is the proper basis for determination of the value of all chairs other than those listed above and parts for all of the chairs including those listed above, and that said values are the respective c.i.f. invoice unit prices, less ocean freight and insurance, plus 4½ percent, packed.

As to all other merchandise the appeals are dismissed. Judgment will be entered accordingly.